CHANDLER M. WOODS *vs.* FRED RONCO, MARK PHETERS, Trustee, and SAUNDERS AND SON, Claimants.

Piscataquis.    Opinion November 15, 1892.

*Wages. Assignment. Record. R. S., c. 111, § 6; Stat. 1891, c. 73.*

An assignment of wages earned while the assignor was commorant in any city or organized plantation and since Stat. 1891, c. 73, took effect, is not valid as against the employer unless he had actual knowledge of the assignment.

If earned in an unorganized plantation, the assignment is valid though not recorded.

ON EXCEPTIONS.

The case is stated in the opinion.

*J. F. Sprague*, for plaintiff.
*Henry Hudson* and *J. S. Williams*, for claimants.

VIRGIN, J.    The only trustee named in the writ or summoned disclosed that, when service was made upon him (December 23, 1891), the partnership comprising himself and two sons (McPheters and Sons) owed the principal defendant (Ronco) for " work in the woods in an unincorporated place," $43.40 ; that on December 25, 1891, he received a letter, dated December 24, 1891, from the claimants (Saunders and Son) wherein they claimed to hold the amount due from McPheters and Sons to

Ronco, by force of his written assignment, dated October 16, 1891, and recorded, on the same day, in Greenville, where all the parties reside.

The assignment is full and complete in form and substance and based upon a subsisting contract for labor. Its registration in Greenville, although the parties are residents therein, gives no validity to it, as the assignor was not commorant therein while earning the wages. R. S., c. 111, § 6.

Under the foregoing statute, an assignment of wages, in order to be valid against third persons, is required to be recorded in the town or plantation in which the assignor was commorant while earning them. The object seems to have been to give constructive notice to others interested and thus prevent the uncertainty of assignments and the mischief of double assignments. *Wright* v. *Smith*, 74 Maine, 495, 497. But when the assignor, while earning the wages, was commorant in an unorganized place, in which there is no recording office or officer, then the provisions of the statute did not apply. *Wade* v. *Bessey*, 76 Maine, 413.

Since the decision of the case last cited, the statute has been amended by adding : " and no such assignment of wages shall be valid against the employer, unless he has actual notice thereof." Stat. 1891, c. 73. This amendment was not intended to apply to assignments of wages earned while the wage earner was commorant in an unorganized place, but simply to give more protection to the employer, than he would generally acquire from a registration of the assignment. In other words, if the wages were earned while the assignor was commorant in any " city, town or plantation organized for any purpose," the record of the assignment, under the original statute, would render it valid against persons other than the parties thereto, including employers, for they would have at least constructive notice thereof. The amendment now adds in substance that such constructive notice shall not be sufficient as against the employer, but that to bind him he must have "actual notice."

*Exceptions overruled.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.